**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>vs.  )<br>  )<br>AMAR BHANDARY, M.D.,  )<br>  )<br>  Defendant.  ) | NO. CR-12-00077-001-HE |

## ORDER

Defendant Amar Bhandary, M.D., has been charged by indictment with multiple counts of distributing and dispensing controlled substances. Defendant filed a motion to suppress [Doc. #37] and several motions to dismiss the indictment [Doc. Nos. 38, 39, 40, 41].[1] Defendant also filed a motion for discovery and a motion to conduct a hearing on discovery disputes prior to conducting any other hearings in the matter. The court held a hearing on January 3, 2013, and **GRANTED** defendant's motion to hold a hearing on the discovery disputes prior to turning to the other matters [Doc. #69], though denying any request to defer the suppression and dismissal hearing to a later date. The court considered the arguments of the parties as to the discovery motion and concluded that there was no basis shown for ordering any further discovery by the court. For the reasons stated from the bench and subject to the limitations outlined there, the court **DENIED** defendant's motion for discovery [Doc. #49].

The court next considered defendant's motion to suppress. Defendant filed a motion

---

[1] Doc. #39 appears to be a corrected and amended version of Doc. #38.

to suppress evidence seized by the government on December 16, 2009. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Although a warrantless search or seizure is generally unreasonable, voluntary consent is an exception to the warrant requirement. United States v. Lowe, 999 F.2d 448, 451 (10th Cir. 1993).

The voluntary consent analysis has two components: "(1) the law enforcement officers must receive either express or implied consent, and (2) that consent must be freely and voluntarily given." United States v. Jones, —F.3d—, 2012 WL 6582319 (10th Cir. Dec. 18, 2012) (citations omitted). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." United States v. Harrison, 639 F.3d 1273, 1278 (10th Cir. 2011) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)). For the reasons stated from the bench, the court **DENIED** defendant's motion to suppress the evidence seized from defendant, concluding that the government met its burden of proving under the totality of the circumstances that defendant freely and voluntarily consented to the seizure [Doc. #37]. Moreover, to the extent defendant's motion sought suppression of potentially inculpatory statements allegedly made by defendant to investigators on December 16, 2009, the court concluded such statements were voluntarily made and not subject to suppression.

The court also considered the defendant's motions to dismiss the indictment on the

basis of governmental misconduct.  The Tenth Circuit has recognized that in certain limited circumstances outrageous government conduct can be grounds for dismissing criminal charges.  United States v. Doe, 698 F.3d 1284, 1293 (10th Cir. 2012).  A defendant bears the burden of proving outrageous government conduct.  United States v. McKissick, 204 F.3d 1282, 1294 (10th Cir. 2000) (citing United States v. Diaz, 189 F.3d 1239, 1245 (10th Cir. 1999)).  "[T]he outrageous conduct defense . . . is an extraordinary defense that will only be applied in the most egregious circumstances.  In order to prevail, the defendant must show that the challenged conduct violated notions of fundamental fairness and is shocking to the universal sense of justice."  Doe, 698 F.3d at 1293 (quoting McKissick, 204 F.3d at 1294).  The court concluded no government misconduct had been established, much less the sort of egregious conduct necessary to satisfy this exacting standard.  For the reasons stated more fully from the bench, defendant's motions to dismiss the indictment on the basis of government misconduct [Doc. Nos. 38, 39, 40, 41] were **DENIED**.

The government requested that the court impose sanctions on defense counsel.  The court concluded that, while various of the allegations by counsel were unwarranted and improper, determination of further sanctions, if any, should be deferred to later in the case.

In sum, the court **GRANTED** defendant's motion to conduct a hearing on his discovery request [Doc. #69], conducted the hearing and **DENIED** defendant's motion for discovery [Doc. #49], **DENIED** defendant's motion to suppress [Doc. #37], and **DENIED** defendant's motions to dismiss [Doc. Nos. 38, 39, 40, 41].

**IT IS SO ORDERED**.

Dated this 8th day of January, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE